**MDL 1942**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 10, 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: FLAT GLASS ANTITRUST
LITIGATION (NO. II)                                          MDL No. 1942

**TRANSFER ORDER**

PLEADING NO. 58

**Before the entire Panel**: Plaintiffs in three actions – one action each pending in the Western District of Pennsylvania, the Southern District of New York and the Central District of California – have filed three separate motions, pursuant to 28 U.S.C. § 1407, for centralization of a total of twenty actions.[1] No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Central District of California, the Southern District of New York or the Western District of Pennsylvania. All defendants[2] suggest centralization in the Northern District of Ohio or, alternatively, the Southern District of New York.

This litigation currently consists of twenty actions listed on Schedule A and pending in six districts as follows: eleven actions in the Western District of Pennsylvania, five actions in the Eastern District of Pennsylvania, and one action each in the Central District of California, the Eastern District of Michigan, the Southern District of New York and the Northern District of Ohio.[3]

[1]   Plaintiffs in three Eastern District of Pennsylvania actions submitted a fourth Section 1407 motion which sought centralization in the Eastern District of Pennsylvania. That motion has been withdrawn. These plaintiffs now join the Section 1407 motion by the plaintiff in the Western District of Pennsylvania action seeking centralization in the Western District of Pennsylvania.

[2]   Asahi Glass Co., Ltd.; AGC America, Inc.; AGC Flat Glass; AGC Flat Glass Europe; AGC Flat Glass North America; AGC Interedge Technologies, Inc.; and AMA Glass Corp. Guardian Glass Co.; Guardian Industries Corp.; Guardian Fabrication, Inc.; and Guardian Walled Lake Fabrication Corp. Nippon Sheet Glass Co., Ltd.; NSG UK Enterprises Ltd.; Pilkington Group Ltd.; Pilkington Holdings, Inc.; Pilkington North America, Inc.; and Libbey-Owens-Ford Co. Saint-Gobain Corp.; Saint-Gobain Glass Corp.; Saint-Gobain Exprover North America Corp.; Certainteed Corp.; and Compagnie De Saint-Gobain. PPG Industries, Inc.; PPG Auto Glass, LLC; and PPG Industries International, Inc. (collectively PPG).

[3]   In addition to the twenty actions now before the Panel, the parties have notified the Panel of six related actions, two actions each in the Central District of California, the Northern District of California and the Western District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**

IMAGED JUN 1 0 2008

- 2 -

On the basis of the papers filed and hearing session held, we find that these twenty actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that defendants conspired to fix, raise, maintain and/or stabilize the price of flat glass through the implementation of an energy surcharge in violation of the federal antitrust laws. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. Thirteen of the 26 known actions are currently pending there before Judge Donetta W. Ambrose. While the alleged conspiracy in the actions now before the Panel covers a different time period and method of price-fixing, Judge Ambrose is generally familiar with antitrust allegations involving the flat glass industry as a result of presiding over MDL No. 1200, IN RE: Flat Glass Antitrust Litigation. In addition, defendant PPG is headquartered in Pittsburgh, Pennsylvania, and relevant documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donetta W. Ambrose for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen                    J. Frederick Motz
Robert L. Miller, Jr.               Kathryn H. Vratil
David R. Hansen                     Anthony J. Scirica

**IN RE: FLAT GLASS ANTITRUST
LITIGATION (NO. II)**                          MDL No. 1942

## SCHEDULE A

### Central District of California

Head West, Inc. v. Guardian Industries Corp., et al., C.A. No. 2:08-1765

### Eastern District of Michigan

Burhans Glass Co., Inc. v. Guardian Industries Corp., et al., C.A. No. 2:08-10415

### Southern District of New York

Diversified Glass Services, Inc. v. Pilkington North America, Inc., et al.,
   C.A. No. 1:08-903

### Northern District of Ohio

Perilstein Glass Corp. v. Asahi Glass Co., Ltd., et al., C.A. No. 3:08-257

### Eastern District of Pennsylvania

John Draper, etc. v. Guardian Industries Corp., et al., C.A. No. 2:07-5223
Jackson Glass Co., Inc. v. Guardian Industries Corp., et al., C.A. No. 2:08-438
Colonial Glass Solutions v. Guardian Industries Corp., et al., C.A. No. 2:08-478
Wally's Glass Service, Inc. v. Guardian Industries Corp., et al., C.A. No. 2:08-730
J. Steve Woodard, etc. v. Guardian Industries Corp., et al., C.A. No. 2:08-956

### Western District of Pennsylvania

Gilkey Window Co., Inc. v. Guardian Industries Corp., et al., C.A. No. 2:08-139
Maran-Wurzell Glass & Mirror v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-175
D&S Glass Services, Inc. v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-179
E&G Auto Parts, Inc. v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-194
Superior Glass, Inc. v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-198
Frank's Glass, Inc. v. Guardian Industries Corp., et al., C.A. No. 2:08-202
Greenwood Glass Co. v. Guardian Industries Corp., et al., C.A. No. 2:08-223
Public Supply Co. v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-240
Raymond's Glass, Inc. v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-257
Bailes Granite & Marble v. PPG Industries, Inc., et al., C.A. No. 2:08-282
Thermo-Twin Industries, Inc. v. Asahi Glass Co., Ltd., et al., C.A. No. 2:08-359